UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

FRANCISCO LUIS MORALES,
                Defendant.

Case # 21-CR-6183-FPG

DECISION AND ORDER

## BACKGROUND

On December 21, 2021, a grand jury returned a two-count indictment charging Francisco Luis Morales ("Morales") with narcotics conspiracy in violation of 21 U.S.C. § 846 and attempted possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.  ECF No. 16.

On March 2, 2022, Morales moved to, among other things, suppress tangible evidence and statements.  ECF No. 38.  Morales sought suppression of evidence seized as a result of the execution of a search warrant for a United States Postal Service Priority Mail Express Parcel addressed to Nayeli Santiago.  ECF No. 38.  Morales also moved to suppress statements he made to law enforcement officers after his arrest on November 5, 2021.  ECF No. 38.

On May 24, 2022, Magistrate Judge Payson issued a Report and Recommendation ("R&R"), recommending denial of Morales's motion for suppression of evidence and statements. ECF No. 57.

The parties were provided with an opportunity to object to the R&R, but neither did so. For the reasons stated below, the Court adopts Magistrate Judge Payson's R&R in its entirety and denies Morales's motion to suppress.

## LEGAL STANDARD

1

A district court reviews those portions of an R&R to which a party has timely objected *de novo*. Fed. R. Crim. P. 59(b)(3). When a party does not object to a portion of an R&R, or when the objections are conclusory, general, or without legal support, a district court reviews those portions for clear error. *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009).

After reviewing the R&R and the objections thereto, a district court "may accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3). In addition, "[t]he Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings." *United States v. Lawson*, 961 F. Supp. 2d 496, 499 (W.D.N.Y. 2013); *see also Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008).

## DISCUSSION

Because Morales did not object to any portion of Magistrate Judge Payson's R&R, the Court has reviewed her conclusions for clear error and finds none. *Preston*, 635 F. Supp. 2d at 269. Morales fails to establish that he had any reasonable expectation of privacy in the parcel searched, and he therefore lacks standing to challenge the search. ECF No. 57 at 3. The law is well-settled that a defendant seeking to suppress evidence must demonstrate by a preponderance of the evidence that he had a reasonable expectation of privacy in the location or items searched. *Rakas v. Illinois*, 439 U.S. 128, 143 (1978); *United States v. Perea*, 986 F.2d 633, 639 (2d Cir. 1993); *United States v. Osorio*, 949 F.2d 38, 40 (2d Cir. 1991). With respect to Morales' motion to suppress statements, the government has demonstrated that the motion is moot because the government does not intend to offer into evidence the statements Morales allegedly made during the interview that allegedly occurred. ECF No. 57 at 5-6. Consequently, the Court accepts Magistrate Judge Payson's R&R, and Morales's motion to suppress is denied.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Magistrate Judge Payson's R&R, ECF No. 57, in all respects.  Morales's motion to suppress, ECF No. 38, is DENIED.

IT IS SO ORDERED.

Dated: June 16, 2022
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court Judge